# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10253
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 27, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSHUA FREEMAN,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-50-1

————————————————————————

Before DAVIS, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Joshua Freeman pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He now appeals his conviction on constitutional grounds. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10253

First, Freeman argues that § 922(g)(1) is facially unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The Government is correct that Freeman's *Bruen*-based challenge to § 922(g)(1) is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024).

Next, Freeman contends that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause and that the statute should be construed to require either recent movement of a firearm across state lines or movement of a firearm across state lines as a result of the defendant's conduct. However, he correctly concedes that these arguments are foreclosed by *Scarborough v. United States*, 431 U.S. 563, 575 (1977), and *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013), and he merely raises these issues to preserve them for further review.

Because summary affirmance is appropriate here, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.